Jamie D. Hanawalt (SBN 309934)
jhanawalt@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
BANK OF AMERICA, N.A.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>GURPREM KANG and SURINDER KANG,<br><br>Debtors. | Case No. 8:18-bk-12471-TA<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>341(a) MEETING:<br>DATE:   August 7, 2018<br>TIME:   11:00 AM<br>PLACE:  RM 1-154, 411 W Fourth St., Santa Ana, CA 92701<br><br>CONFIRMATION HEARING:<br>DATE:   September 29, 2018<br>TIME:   1:30 PM<br>CTRM:   5B |

BANK OF AMERICA, N.A.[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtors, Gurprem Kang and Surinder Kang (hereinafter "Debtors"), hereby objects to the Chapter 13 Plan filed by Debtors in the above-referenced matter. The objection is based on Creditor's Proof of Claim No. 7 and the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

## 1) INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtors' Chapter 13 Plan as it fails to properly provide for Creditor's claim. Specifically, the Debtors' Chapter 13 Plan fails to provide for ongoing post-petition payments as required under the loan documents, fails to acknowledge outstanding arrears and purports to improperly modify Creditor's claim. For the reasons set forth herein, the Court should deny confirmation of the Debtors' Chapter 13 Plan.

## 2) STATEMENT OF FACTS

1. Creditor's claim is evidenced by a promissory note executed by Debtors Gurprem Kang and Surinder Kang (collectively the "Borrowers" or "Debtors"), and dated April 27, 2007, in the original principal sum of $200,000.00 (the "Note"). A copy of the Note is attached to Creditor's proof of claim no. 7 as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

2. The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 7011 E VILLANUEVA DR, ORANGE, California 92867 (the "Subject Property"). A copy of the Deed of Trust is attached to Creditor's proof of claim no. 7 as filed in the instant bankruptcy case and incorporated herein by reference

3. On July 9, 2018, Debtors filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, and were assigned case number 8:18-bk-12471-TA.

4. On August 6, 2018 the Debtors filed their Chapter 13 Plan (the "Plan") providing for monthly payments to the Trustee in the total amount of $150.00, for nine (9) months, then $837,000.00 for month ten (10). Debtors' Plan does not provide for on-going monthly payments or arrearage payments on Creditor's claim. Debtors instead propose to pay Creditor a total of $176,044.00, including a 9.09% interest rate, on Creditor's claim presumably in month ten (10).

5. On September 4, 2018, Creditor filed its proof of claim (the "Proof of Claim") secured by the Subject Property with a total outstanding balance in the amount of $176,650.36, and a

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

pre-petition arrearage claim of $17,245.50. See CCR Claim No. 7.

### 3) ARGUMENT

**A.  DEBTORS' CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.**

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtors fail to meet this burden.

**1. Debtors' Chapter 13 Plan Should Not Be Confirmed Because It Fails to Provide for Ongoing Post-Petition Payments.**

Section 1322(b)(5) of the Bankruptcy Code provides for the maintenance of post-petition payments on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. 11 U.S.C. § 1322(b)(5). Here, the loan relating to Creditor's secured claim matures May 2, 2032, which is after the term of the Debtors' Plan, yet the Plan makes no provision for ongoing post-petition payments. As the Debtors' Plan fails to provide for the maintenance of post-petition payments on Creditor's secured claim, it cannot be confirmed as proposed.

**2. Debtors' Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim.**

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986).

The Debtors' Plan cannot be confirmed as proposed because it fails to properly provide for

the cure Creditor's pre-petition arrears or ongoing monthly post-petition payments. As previously discussed, Creditor's claim for pre-petition arrears is in the total amount of $17,245.50. <u>See</u>, Claim No. 7. However, the Debtors' Chapter 13 Plan fails to provide for payment of the pre-petition arrears on Creditor's secured claim under the assumption that the Debtors will sell the property and pay the claim in full. As the Debtors' Plan fails to provide for a cure of Creditor's pre-petition arrears, fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

### 3. **Debtors' Chapter 13 Plan Cannot Be Confirmed Because It Does Not Promptly Cure Creditor's Pre-Petition Arrears as Required Under 11 U.S.C. § 1322(b)(5).**

Section 1322(b)(5) of the Bankruptcy Code provides for the curing of any default on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. Creditor's secured claim consists of $17,245.50 in pre-petition arrears, however, Debtors' Plan provides for the cure of only $287.43 in arrears. As Debtors have not field their schedules it is unclear whether they have disposable income to provide for an increase to their monthly payment through the Chapter 13 Plan in the amount of $287.43 in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months. As the Debtors' Plan fails to promptly cure Creditor's pre-petition arrears, it cannot be confirmed as proposed.

### 4. **The Debtors' Chapter 13 Plan Cannot Be Conformed Because It attempts to Impermissibly Modify the Rights of a Creditor Holding a Claim Secured by the Debtors' Principal Residence.**

11 U.S.C. §1322(b)(2) provides that a plan may modify the rights of holders of secured claims, other than a claim secured only be a security interest in real property that is the debtor's principal residence. 11 U.S.C. § 506(a) provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.

The Debtors' Plan proposes to withhold payment from Creditor for ten (10) months and thereafter pay a reduced value of $176,044.00. However as discussed above, Creditor is entitled to ongoing monthly payments pursuant to the loan documents. The Debtors are prohibited from modifying Creditor's claim because Creditor is informed and believes that the Subject Property is the Debtors' principal residence. The Debtors' bankruptcy petition lists the Subject Property as the

1  Debtors' residence and the Subject Property is listed as the Debtor's service address on PACER.

2      As it appears that the Subject Property was the Debtors' principal residence at the time of
3  execution of the loan documents and at the time of the bankruptcy petition date, section 1322(b)(2)
4  of the Bankruptcy Code prohibits the Debtors from modifying the terms of Creditor's claim. Based
5  upon the foregoing, Creditor requests that the Court deny confirmation of the Debtor's Plan.

6      WHEREFORE, Creditor respectfully requests:

7      i)    That confirmation of the Debtors' Chapter 13 Plan be denied;

8      ii)    Alternatively, that the Plan be amended to reflect that Creditor maintains a fully
9  secured claim with ongoing monthly installment payments to be paid to Creditor, including the cure
10 of arrears, and

11     iii)    For such other and further relief as this Court deems just and proper.

12                                 Respectfully submitted,

13 Dated: September 6, 2018          ALDRIDGE PITE, LLP

15                           By:  /s/ Jamie D. Hanawalt
16                             JAMIE D. HANAWALT (SBN 309934)
                            Attorneys for BANK OF AMERICA, N.A.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4375 Jutland Drive, Suite 200  P.O. Box 17933  San Diego, CA 92177-0933

A true and correct copy of the foregoing document entitled (*specify*): Objection to Confirmation will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 7, 2018     I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Debtor's Attorney:** James D. Hornbuckle  jdh@dixonlawcorporation.com
**Chapter 13 Trustee:** Amrane (SA) Cohen (TR)  efile@ch13ac.com
**U.S. Trustee:** ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 7, 2018     I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtors:**
Gurprem Kang
Surinder Kang
7011 E. Villanueva Drive
Orange, CA 92867

**Presiding Judge:**
Honorable Theodor Albert
Central District of California - Santa Ana Division
Ronald Reagan Federal Building
411 West Fourth Street, Suite 5085/Courtroom 5B
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 7, 2018 | CIARA M. REBOYA | /s/ CIARA M. REBOYA |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE